## N. Y. SUPERIOR COURT.

THOMAS VERNON and others agt. ALBERT PALMER.

*Corporations — Manufacturing, &c. — Liability of a trustee under chapter 40, Laws of 1848 — what three things must concur to charge a trustee.*

The statute as to the liability of a trustee of a corporation for the debts of the same on their failure to make and file its annual report (*Laws of 1848, chap.* 40) is a penal one, and must be strictly construed.

To charge a trustee with liability under this statute three things are necessary: A debt which is due and payable from the corporation, a default in the filing of the annual report, and a trusteeship on the part of the party to be charged.

Defendant was elected a trustee of a manufacturing corporation for the year ending August 6, 1878, accepted the office, and there never was a subsequent election of trustees. In January, 1878, it failed to file its annual report, and a receiver of the corporation was appointed November 9, 1878. The corporation gave to the plaintiffs its promissory note for $979.07, due August 10, 1878, and the plaintiffs sold and delivered to the company certain goods in June, July and August, 1878, on an agreed credit of four months after delivery, which thus became due in October, November and December, 1878. In an action under the manufacturing act (*sec.* 12, *chap.* 40, *Laws of* 1848) to recover for the same, because of the failure to file its annual report·

*Held,* that the complaint should be dismissed. Although the goods were sold at a time when the defendant was a trustee, they were sold on a credit which did not expire until after the defendant ceased to be a trustee.

A debt within this statute is not contracted until there is an obligation giving a present right of action against the corporation. If there be no such obligation nor debt or duty which may be presently demanded from the corporation, there is no debt or duty which can be demanded under the statute as a penalty against the trustee.

*Trial Term, January* 13, 1882.

THE action was begun on November 18, 1878, by Thomas Vernon, David Scott and George R. Vernon, copartners, forming the firm of Vernon Brothers & Co., against the defendant as a trustee of a manufacturing corporation, under the law of 1848, of which corporation the plaintiffs were creditors.

It was admitted that the McKillop & Sprague Company was a domestic corporation under the act of 1848 (*chap.* 40), and that in January, 1878, it failed to file its annual report, and that a receiver of the corporation was appointed November 9, 1878; that the defendant was elected a trustee for the year ending the first Tuesday of August, 1878, accepted the office, and there never was a subsequent election of trustees; that the McKillop & Sprague Company gave to the plaintiffs its promissory note for $979.07 due August 10, 1878; that the plaintiffs sold and delivered to the company certain goods in June, July and August, 1878, on an agreed credit of four months after delivery, which thus became due in October, November and December, 1878.

The defendants conceded the above for the purposes of the case, and that the amounts on the note and the goods with interest amounted to $1,687.62, which was due and owing.

*Paddock & Carmon,* for plaintiffs.

*James B. Dill,* for defendant.

At the close of the plaintiff's case, the defendant moved to dismiss the case on the merits, on the grounds that the facts as stated were not sufficient to constitute a cause of action, inasmuch as the debt, the trusteeship and the default did not coincide in point of time. The defense urged : *First.* That to charge a trustee with liability under the act of 1848, three things are necessary : A debt which is due and payable from the corporation, a default in filing the annual report, and a trusteeship on the part of the defendant (*Chambers* agt. *Lewis,* 55 *N. Y.,* 400 ; *The Shaler & Hall Quarry Co.* agt. *Bliss,* 27 *N. Y.,* 297).

*Second.* The defendant was not a trustee on or after August 6, 1878 (*Van Amberg* agt. *Baker,* 81 *N. Y.,* 27; *Phila. and Reading Coal and Iron Co.* agt. *Hotchkiss, Albany Law Jour.* [*vol.* 22], 515).

*Third.* There was no debt against the trustee within the meaning of the statute, until on and subsequent to August 6, 1878, because no day of payment had arrived (*Jones* agt. *Barlow,* 62 *N. Y.,* 202 ; *Whitney Arms Co.* agt. *Barlow,* 63 *N. Y.,* 73; *National Bank* agt. *Fenton,* 23 *Hun,* 309).

TRUAX, *J.* — For the purposes of this motion it is conceded that the defendant's term of office expired on the 6th day of August, 1878. The goods were sold before that time on a credit that did not expire until some time after the fifth of August.

The statute, to which I have been referred, says that the trustees of a corporation which fails to make and file its annual report, shall be jointly and severally liable for all the debts of the company existing at the time of the failure to make and file such report, and for all the debts that shall be contracted before the report shall be made.

The reason of the statute is, to require corporations to make such public showing of their affairs that those dealing with them may be able to determine whether they can safely give them credit.

Vernon agt. Palmer.

If the question before me was an original one, I should hold that the defendant was liable because the credit was *given*, the debt was contracted before the report was made, and at a time when the defendant was trustee. But the question is not an original one. A long line of decisions in this state and elsewhere hold that the statute is a penal one and is to be strictly construed. In this case, while the goods were sold at a time when the defendant was a trustee, they were sold on a credit which did not expire until after the defendant ceased to, be a trustee. In order to charge a trustee under this statute, three things must concur in point of time, the trusteeship, the default to publish the report, and the contracting of the debt. But the courts of this state hold that a debt within this statute is not contracted until there is an obligation giving a present right of action against the corporation. If, said judge ALLEN, there be no such obligation, nor debt or duty, which may be presently demanded from the corporation, there is no debt or duty which can be demanded under the statute as a penalty against the trustee.

There is no debt within the meaning of the statute. If the day of payment has not arrived, the penalty is incurred by the default, but the liability to any individual creditor, does not become absolute until it shall exist within the meaning of the statute; and a default in payment was here made by the corporation, but there can be no default in payment until the day of payment shall have arrived, and, on this case, when that day of payment arrived the defendant was not a trustee, and one member of the trinity above mentioned was wanting, the complaint is dismissed.